# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LLOYD MCCLENDON, et al., | : | |
| Plaintiffs, | : | CASE NO. C2051160 |
| v. | : | JUDGE WATSON |
| TELOHIO CREDIT UNION, INC., | : | MAGISTRATE JUDGE KEMP |
| Defendant. | : | |

## MOTION TO QUASH SUBPOENAS

Now comes the Plaintiffs, by and through their undersigned Counsel, and moves this Court to quash all subpoenas requesting employment information and files from the previous and current employers of the Plaintiffs. In addition, Plaintiff is requesting sanctions and an immediate conference with the Court so to receive a ruling prior to the receipt of any of the requested documentation. A Memorandum In Support is attached hereto.

Respectfully Submitted,

/s/ Laren E. Knoll
Laren E. Knoll (0070594)
KENNEDY REEVE & KNOLL
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050 telephone
(614) 228-3320 facsimile

**MEMORANDUM IN SUPPORT**

On July 7 and 10, 2005, Counsel for Plaintiffs received copies of thirteen (13) subpoenas that Counsel for Defendant executed and served on or about July 5, 2005.  Exhibits 1 and 2.  Defendant subpoenaed Plaintiffs' employment records, including but not limited to, "applications, payroll record, personnel evaluations and disciplinary records" from the former employers of the Plaintiffs.  Prior to July 7, 2006, Plaintiffs were unaware of Defendant's intention to subpoena the above records as Plaintiffs were given no prior notice and no opportunity to object to the obtrusive requests.

Although the subpoenas served by Defendant were not served upon Plaintiffs, Plaintiffs have standing to bring this motion.  Plaintiffs have a personal privacy right in the documents sought by Defendant.  See *Sierra Rutile Ltd. v. Katz*, 1994 U.S. Dist. LEXIS 6188 (S.D.N.Y. 1994), citations omitted (plaintiff demonstrated "a sufficient privacy interest in the confidentiality of records" so as to afford her standing to challenge the subpoena); *Syposs v. United States*, 181 F.R.D. 224, 227 (W.D.N.Y. 1998)(Defendant had a privacy interest in his phone records).

Rule 45(b)(1) requires "prior" notice of any commanded production of documents. *Biocore Med. Techs., Inc. v. Khosrowshahi,* 181 F.R.D. 660, 667 (citing *Callanan v. Riggers & Erectors, Inc.,* 149 F.R.D. 519, 519 (D. Vi.1992); *Santiago-Lugo* 904 F. Supp. 43, 47 (D.P.R.1995); *Spencer v. Steinman,* 179 F.R.D. 484, 488 (E.D. Pa.1998).  "[T]he purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena." *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan., 1998).

Further, the 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena.  For

an objection to be reasonably possible, notice must be given well in advance of the production date. *See Schweizer v. Mulvehill,* 93 F. Supp.2d 376, 411 (S.D.N.Y.2000) (citing *9 Moore's Federal Practice* P 45.03 [4] [b] (3d ed.2000)); *Murphy v. Bd. of Educ. of Rochester Sch. Dist.,* 196 F.R.D. 220, 222-23 (W.D.N.Y.2000) (also citing *Moore's Federal Practice*).

In the *Biocore* case, the district court found that Butler failed to serve Biocore with prior notice of three subpoenas--mailing notice for the subpoenas after service had been effected. *Biocore*, 181 F.R.D. at 667.  In so doing, the court found that Butler violated Fed. R. Civ. P. 45(b)(1).  *Id.*

Fed. R. Civ. P. 26(g)(2) requires that every discovery request be signed by an attorney which constitutes a certification that:

> to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request is:
>
> (A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
>
> (B) not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; . .

In deciding motions to quash subpoenas, courts have also applied the Rule 26(c) standard for protective orders, protecting parties from "undue annoyance, embarrassment, or oppression." While it is true that Defendant might be entitled to relevant information regarding income and mitigation of damages, Defendant is not entitled to any other information it seeks here such as disciplinary records, applications, etc. from prior employers.  This information is not at all related to the issues in the instant case (i.e. how they were treated by Defendant and how they have mitigated their damages since their discharge).  Moreover, Defendant could obtain all of the relevant information sought through Plaintiffs by service of probative interrogatories or during

their depositions.  Further, Defendant's informing Plaintiffs' current employers that they are involved in employment litigation jeopardizes mitigation efforts.

The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1).  Fed. R. Civ. P. 45(c)(3)(B)(i) allows the court to quash, modify or condition a subpoena to protect a person affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information. Further, even if Fed. R. Civ. P. 45 (c)(3)(B)(i) does not apply, the court may modify or quash to protect individuals from undue annoyance as provided by Fed. R. Civ. P. 26(c).  In the instant matter, Plaintiffs are requesting that this Court quash all of the subpoenas as none of the requested information is relevant at this time.  As to the information requested from prior employers, Defendant is clearly on nothing more nor less than a fishing expedition for potential after-acquired evidence.

Additionally Plaintiff seeks an award of sanctions under Rule 26 (g).  The courts have supported sanctions for this exact type of conduct.  *Allender v. Raytheon Aircraft Co.,* 220 F.R.D. 661 (2004); *Conrod v. Bank of New York*, 1998 U.S. Dist Lexis 11634 (S.D.N.Y. 1998).  Defendant clearly violated Rule 45(b)(1) by not providing Plaintiff an opportunity to object to the subpoenas.  Further, Defendant violated Rule 26(g)(2) by subpoenaing the documents without notice for an improper purpose – to avoid objections from Plaintiff.  As a result of Defendant's violation of the above, counsel for Plaintiff has expended 4.0 hours at $200 per hour in researching and drafting this Motion.  Therefore, in addition to the above requested relief, Plaintiffs request that Defendant pay the amount of $800 in attorneys fees for the unnecessary time expended.

The Plaintiffs are also requesting a conference by telephone or in person with the Court as soon as possible for a decision on this Motion. Plaintiffs are in the process of contacting the entities that were subpoenaed in order to request that each entity hold the documentation until this Court renders a decision. Counsel for Plaintiffs faxed a letter to each of the entities stating the following:

> To Whom It May Concern:
>
> The purpose of this correspondence is to request that you hold the documentation subpoenaed by Attorney Julie Juergens of Gallagher Sharp in Cleveland, Ohio regarding Lloyd McClendon. I am filing a Motion to Quash the subpoena today with the Federal Court. Until the parties receive an answer to the Motion to Quash from the Court, please hold the requested documentation. When the Court determines whether or not you are required to produce the requested documentation, I will promptly inform you.
>
> A copy of this letter will be provided to the Court and opposing Counsel so that your company will not appear as if it failed to comply. If you have any questions or concerns, please do not hesitate to contact my office. I appreciate your anticipated cooperation in this matter.

Based on foregoing, Plaintiffs respectfully requests that this Court quash the subpoenas served by the Defendant in the instant case and sanction Defendant's conduct.

Respectfully Submitted,

/s/ Laren E. Knoll
Laren E. Knoll (0070594)
KENNEDY REEVE & KNOLL
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050 telephone
(614) 228-3320 facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Quash was served upon Julie Juergens, of Gallagher Sharp at 6th Floor, Bulkley Building, 1501 Euclid Avenue, Cleveland, Ohio 44115 by electronic filing on this the 10th day of July, 2006.

/s/ Laren E. Knoll
Laren E. Knoll (0070594)
KENNEDY REEVE & KNOLL